UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 17-cr-175-pp

TORRENCE HARRIS, SR., *et al.*,

    Defendants.

**ORDER GRANTING MOTION FOR ORDER ALLOWING UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY UNDER 18 U.S.C. §983(a)(3)(B)(ii)(II) (DKT. NO. 151)**

On February 27, 2018, the government filed a motion, asking the court for an order allowing the government to maintain custody of property already in the government's possession for possible forfeiture in this criminal case. Dkt. No. 151. The motion asserted that on September 27, 2017, agents with the Drug Enforcement Administration ("DEA") seized the following properties for the purpose of initiating administrative forfeiture proceedings:

    A. Approximately $60,652 from 6XXX N. 53rd Street, Milwaukee, WI, associated with defendant Terrance Hamlin,

    B. Approximately $5,743 from 1XXX S. 57th Street, West Allis, WI, associated with defendant Clarence Bogan, and

    C. Approximately $2,003 from 3XXX N. 44th Street, Milwaukee, WI, the residence of defendant Terrence Jackson.

Id.

1

About twenty days later, on October 17, 2017, the government filed an indictment, alleging that these seized assets were subject to forfeiture. Dkt. No. 98. The current motion represents that the government "has taken the seized properties into custody for the purpose of forfeiture and that it will preserve the seized properties for forfeiture until the criminal case, including criminal forfeiture proceedings, is resolved." Dkt. No. 151 at 3.

Under 18 U.S.C. §983(a)(3), when a claim is made contesting the administrative forfeiture, the government has 90 days to: (1) return the asset, (2) commence a civil judicial forfeiture action against the asset, or (3) commence a criminal forfeiture action containing an allegation that the property is subject to forfeiture. 18 U.S.C. §983(a)(3). One defendant and several third parties have made claims contesting the properties listed above, and the government has chosen the third option in order to comply with the statute.

Because the government has chosen the to commence a criminal forfeiture action, 18 U.S.C. §983(a)(3)(B)(ii)(II) requires the government to "take steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. §983(a)(3)(B)(ii)(II). The applicable criminal forfeiture statute is 21 U.S.C. §853; subsection (e) of that statute empowers the court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. §853(e)(1). Based on its representations, and these statutory requirements, the government seeks an order allowing it to continue to maintain custody of the

2

seized assets until the criminal case concludes. See United States v. Scarmazzo, No.1:06-CR-342-AWI, 2007 WL 587183, at *3 (E.D. Cal. 2007); see also United States v. Abrahams, 12-cr-639-JFM, 2013 WL 285719, at 2 (D. Md. Jan. 24, 2013) (issuing an order allowing the government to maintain custody under 18 U.S.C. §983(a)(3)(B)(ii)(II) and noting that such an order will not affect the non-defendant claimant's ability to contest the forfeiture of the property at the conclusion of the criminal cause under 21 U.S.C. §853(k) and (n) and Rule 32.2 of the Federal Rules of Criminal Procedure).

The court **ORDERS** that, under 21 U.S.C. §853(e)(1), the United States and its agencies, including the Drug Enforcement Administration, are authorized to maintain and preserve the above referenced seized assets until this criminal case is concluded, or pending further order of this Court.

The court **FINDS** that this order satisfies the requirements of 18 U.S.C. §983(a)(3)(B)(ii)(II).

Dated in Milwaukee, Wisconsin this 5th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
