UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.   No. 17-cr-175

ROYEL PAGE,   Judge Michael Y. Scudder

Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT [ECF 314]**

Defendant Royel Page's motion to dismiss the superseding indictment [ECF 314] is denied.

**STATEMENT**

Royel Page became a target of a drug trafficking investigation, and the government filed a criminal complaint against him and eleven co-defendants in September 2017. A grand jury returned an indictment against Page in October 2017, charging him with two counts of attempted distribution and attempted possession with attempt to distribute heroin in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). The court scheduled trial for December 2, 2019. After engaging in unsuccessful plea negotiations, the government filed a Superseding Indictment against Page on November 5, 2019. The Superseding Indictment alleges ten additional counts of attempted distribution and attempted possession with attempt to distribute. It also adds a charge of conspiracy to possess with the intent to distribute and to distribute 100 grams or more of a mixture and substance containing heroin, fentanyl, and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). That new charge carries a mandatory minimum of five years' imprisonment. See 21 U.S.C. § 841(b)(1)(B).

Page seeks dismissal of the Superseding Indictment on the basis that it violates 18 U.S.C. § 3161(c)(2), which requires that a trial "shall not commence less than thirty days from the date on which the defendant first appears through counsel" without the defendant's consent. Page also argues that the Superseding Indictment should be dismissed because the prosecution filed it for vindictive reasons: namely, that the government seeks to punish him for rejecting a plea bargain and instead pursuing his constitutional right to a trial. [ECF 314.] The government opposes the motion, arguing that Page did not come forward with any evidence of vindictiveness

and that there is no § 3161(c)(2) violation because the court adjourned Page's trial date to April 20, 2020. [ECF 321.]

Page's motion is denied. Although the grand jury returned and the court filed the Superseding Indictment fewer than 30 days before December 2, 2019 (the first scheduled trial date), the court rescheduled trial to April 20, 2020. The new date gives Page ample time to prepare for trial.

Page's contention that the prosecution improperly sought a superseding indictment after he rejected plea offers fares no better. To be sure, the government may not punish a defendant for exercising constitutional or statutory rights. See *United States v. Goodwin*, 457 U.S. 368, 372 (1982). But the government has broad discretion to bring additional charges before trial, including where, as here, the defendant has rejected a plea offer and intends to hold the government to its proof at trial. See *United States v. Tingle*, 880 F.3d 850, 856 (7th Cir.), *cert. denied*, 138 S. Ct. 1567 (2018). To obtain a hearing, Page must come forward with "sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996) (internal quotation omitted). But Page has provided no evidence beyond a bare allegation of suspicious timing between his rejection of the plea and the Superseding Indictment. That is not enough. See *United States v. Falcon*, 347 F.3d 1000, 1005 (7th Cir. 2003) ("When the government brings additional charges before trial, but after the defendant exercises a procedural right, evidence of suspicious timing alone does not indicate prosecutorial animus.")

Accordingly, the court denies Page's motion to dismiss the Superseding Indictment.

ENTERED:

Date: February 13, 2020

*[signature]*

Michael Y. Scudder
Judge, United States Court of Appeals
for the Seventh Judicial Circuit